Lenroot, Judge,
delivered the opinion of the court:
This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the examiner, refusing to allow, in view of the prior art, claims 1, 4 to 7, inclusive, 11, 12,. 14, 15, 17, 18, 23, 24, 27, 29, 32, 33, 35, and 36 of appellant’s application, filed on July 27, 1923, claim 20 of said application having been allowed.
Claims 1 and 14 are illustrative of the claims in issue and read as follows:
1. In an apparatus for surfacing sheet glass, a supporting table comprising a plane upper sheet-supporting surface, and means engaging the sheet peripherally to limit lateral movement thereof, while lying freely on this surface.
*916 14. In an apparatus for surfacing substantially fiat glass sheets, a table having a rigid metallic sheet-supporting face, the supporting surface being an .absolutely flat smooth plane to form a master surface which determines the ground surface of the sheet supported freely thereon, and a sheet-supporting pad of yielding material of uniform thickness covering the master surface.
The references relied upon are:
Hagaman, 94310, August 31, I860.
Haslem (reissue), 10872, October LR 1887.
Prichard, 395631, January 1, 1889.
Brockman, 497115, May 9, 1893.
Richter, 1088297, February 24, 1914.
The application involves a circular, sheet-supporting table, which table is mounted on a column substantially at its center point. Provision is made for rotating said table by means of gears and a drive shaft. The sheet-supporting surface proper is in the form of a square in the drawings shown in the application, and this portion of the table is of heavy metal having its upper surface ground to a plane. Upon this there is placed a pad of yielding material, preferably cork or cork composition. The square form is surrounded by four sectors which are raised above the level of the supporting area, thus forming a recess within which the square of glass to be polished is placed. The walls formed by these sectors are covered by strips of yieldable material, such as rubber. The recess thus formed conforms to, but is slightly larger than, the form of glass to be received, and the cork pad, being yieldable, is intended to compensate for any irregularities of the surface of the glass resting upon it •during the grinding of the first surface.' The grinding head has upon its lower face a series of flat teeth, or projections, which perform the grinding operation on the sheet. During the placing of a glass sheet within the aforementioned recess this grinding head is elevated above the table, but during the grinding operation this head rests with its full weight upon the sheet of glass. The pivot for this head preferably turns freely, so that, when the full weight of the grinding head rests upon the glass, said head is rotated by the movement of the table and the frictional contact with the glass. The grinding head is mounted in a position eccentric to the axis of rotation of the table, and is of such diameter that the operating face will bear upon the corners of the glass sheet as well as the center thereof.
In affirming the rejection by the examiner of all of the claims the Board of Appeals said:
Claims 1, 4, 5, 6, 7, 11, 12, 14, 15, 17, 18, 23, 24, 27, 29, 32, 33, 35, and 36 were rejected on Prichard in view of Brockman or Haslem, or on Richter, in view of Brockman and Hagaman,
The patent to Prichard discloses plates F having a recess formed in its upper surface on which sheets of slate rest while being ground by the grinding wheel C. Although the machine is for grinding slates instead of *917 glass, the operation is analogous and we find nothing patentable in claims 1, 7, 11,12,15, 82, and 33 over this reference.
Claims 4, 5, and 17 specify that the supporting surface is a rotatable table. The only purpose of rotating the table is to bring all portions of the glass sheet under the grinding wheel and this is accomplished in the same way by the table of Richter which is not rotated continuously but is rotated manually at intervals. These claims do not include the grinding wheel as an element and it appears immaterial to the construction covered thereby whether the table rotates or not and we find nothing patentable in them over Richter or Hagaman in which the recess could be made larger than the sheet if the clamp were not set up.
Claims 14, 18, and 23 include a supporting pad for the glass but such a pad is shown by Brockman and in view thereof we find nothing patentable in placing a pad on the tables of Hagaman or Prichard.
Claims 35 and 36 specify that the pad is made of cork or cork composition but these are well known resilient materials and there is nothing patentable in using them in place of the rubber of Brockman.
Claims 24, 27, and 29 include both the rotatable table and the grinding wheel but we see nothing patentable therein over Richter in view of Hagaman or Prichard in which a plane supporting surface is used.
Claim 6 specifies that portions of the side walls of the recess are cut away to serve as hand holes for lifting the glass plate. This does not distinguish from Richter in which there are spaces between the ends of the side members 29 which would permit of such manipulation. Furthermore, it is common to cut away portions to furnish a hand hold.
Except in one particular, we agree with the board that all of the elements of the claims here in issue are disclosed in the references, either singly or in combination, and that, where elements of the claims are found in different references, their combination, as set out in the claims here involved, did not involve invention.
We do not find the element described in claims 12, 14, and 15 as an £t absolutely flat smooth plane to form a master surface ” in any of the references. As to this element the examiner stated:
The making of the table so that it forms a. “ master surface ” absolutely flat and providing a pad of uniform thickness are obviously only desired results in any machine and depend solely upon the skill and care taken in making the machine and are limitations of degree not affecting the patentability of the claims.
We are of the opinion that the foregoing statement is correct. As we have found that the work support of the reference Prichard, provided with a recess to receive a slate to grind the surface thereof, could be used as a work support for the grinding of glass without the exercise of invention, we think it would be obvious that the supporting surface should be absolutely flat, and, the use of a pad being old, as shown by the reference Brockman, there would be no invention in using such a pad upon the surface of the work support.
We find no error in the decision of the Board of Appeals and it is affirmed.